**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEMPSEY KEACH BALLARD, also
known as Keach Ballard,

      Plaintiff-Appellant,

v.

INDEPENDENT SCHOOL DISTRICT,
NO. 4 OF BRYAN COUNTY,
OKLAHOMA, otherwise known as the
Colbert School District; AL WHITE,
individually; W.E. "RUSTY"
BRIGMAN, individually; JARVIS
DOBBS, individually,

      Defendants-Appellees.

No. 00-7099
(D.C. No. 98-CV-488-B)
(E. Dist. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **SEYMOUR**, and **BRORBY,** Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

In light of an unsettled state law question which implicated the outcome of a civil rights action before us on appeal, we certified the following question to the Oklahoma Supreme Court:

> Whether a teacher's unexecuted threat to physically assault the school superintendent and another teacher, made on school premises but outside the general purview of the students, constitutes "moral turpitude" justifying his dismissal under OKLA. STAT. tit. 70, § 6-101.22.

The Oklahoma Supreme Court has answered this question in the negative. *Ballard v. Indep. Sch. Dist. No. 4 of Bryan County*, 2003 OK 76U, 98,954, 2003 WL 22209325 (Okla. Sept. 23, 2003). We therefore reverse the decision of the district court in the underlying action, and remand for further proceedings.

Demspey Keach Ballard was employed by the Colbert School District from 1984 until his termination in 1998 by the school board for moral turpitude. *See* OKLA. STAT. tit. 70, § 6-101.22 ("[A] career teacher may be dismissed or not reemployed for . . [a]ny reason involving moral turpitude."). The grounds for Mr. Ballard's dismissal arose out of an argument he had with the school superintendent and the assistant principal, during which Mr. Ballard threatened he

-2-

would physically assault the superintendent and another teacher.  After his dismissal, Mr. Ballard brought a civil rights action in federal district court in which he included a state law claim for a *de novo* hearing on his dismissal pursuant to OKLA. STAT. tit. 70, § 6-101.27.[1]

The district court affirmed the school board's conclusion that Mr. Ballard's conduct constituted moral turpitude and therefore justified his termination. *Ballard v. Indep. Sch. Dist. No. 4 of Bryan County*, No. CIV98-4B8-B, 9 (E.D. Okla. filed Nov. 18, 1998).  On appeal, Mr. Ballard argues that as a matter of law, the conduct which lead to his termination did not rise to the level of moral turpitude.  The relevant Oklahoma statute does not define the term "moral turpitude."  Because no Oklahoma court had directly considered whether a scenario similar to the facts in this case constitutes "moral turpitude," we certified the recited question to the Oklahoma Supreme Court.

In answering the question, the Oklahoma Supreme Court noted that the use of the term "moral turpitude" in various Oklahoma statutes "involves a level of conduct higher than mere impropriety . . . . The term cannot be used as a catchall for every kind of conduct that is offensive, inappropriate or unprofessional."

---

[1]Section 6-101.27, which forms part of Oklahoma's Teachers Due Process Act, dictates in part: "A career teacher shall be entitled to a trial de novo in the district court of the county in which the school district is located."  OKLA. STAT. tit. 70, § 6-101.27(A).

2003 OK 76U, ¶ 9.  After examining a variety of cases finding the existence of moral turpitude, as well as those which did not, the court concluded that "[w]hile we agree that Ballard's threats were unprofessional, unwise and unacceptable behavior, we cannot agree that the threats are on par with the acts construed to constitute moral turpitude."  *Id.* at ¶ 17.  The court indicated that while an assault might rise to the level of moral turpitude, Mr. Ballard's threats were merely verbal and were never further executed in any manner.  Therefore his actions could not be deemed "moral turpitude" under Oklahoma law.  *Id.* at ¶ 18-19.

The Oklahoma Supreme Court's response to our certified question makes clear the district court erred in finding the school board properly concluded Mr. Ballard's conduct merited dismissal on the grounds of moral turpitude.

Accordingly, we **REVERSE** and **REMAND** for further proceedings.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge